UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ALLIE THOMAS CHESTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-22-477-G |
| | ) |
| **THE CITY OF ALTUS et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff Allie Thomas Chester, a state inmate appearing pro se, filed a Complaint (Doc. No. 1) alleging deprivations of his constitutional rights against multiple defendants. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Gary M. Purcell for initial proceedings.

On October 27, 2022, Judge Purcell issued a Supplemental Report and Recommendation ("Suppl. R. & R."), recommending that this action be dismissed on screening pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Plaintiff timely submitted an Objection (Doc. No. 44) to the Supplemental R. & R.

Pursuant to governing authority, the Court reviews de novo the portions of the Supplemental R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

I.   *Background*

In the Supplemental R. & R., Judge Purcell addressed Plaintiff's factual allegations and the applicable standards of review. Judge Purcell concluded that Plaintiff's claims, which present a challenge to an ongoing Oklahoma state-court criminal proceeding,[1] should be dismissed pursuant to the *Younger* abstention doctrine. *See* Suppl. R. & R. at 1-6; *see also Weitzel v. Div. of Occupational & Pro. Licensing of Dep't of Com. of Utah*, 240 F.3d 871, 875 (10th Cir. 2001) (noting that, under *Younger*, "[a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies" (internal quotation marks omitted)).[2]

II.   *Plaintiff's Objection*

In his Objection, which the Court construes liberally due to Plaintiff's pro se status, Plaintiff does not specifically dispute any of Judge Purcell's findings or conclusions. Rather, Plaintiff presents additional factual allegations in support of his legal claims. *See* Pl.'s Obj. at 1-3.

---

[1] *See State v. Chester*, No. CM-2022-30 (Jackson Cnty. Dist. Ct.).

[2] "*Younger* abstention is jurisdictional," *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004), and "a court may raise the issue of abstention *sua sponte*." *D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1231 (10th Cir. 2013).

In considering dismissal under the *Younger* abstention doctrine, the key issue is whether "the requested relief would interfere with the state court's ability to conduct proceedings." *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002). Even assuming Plaintiff's Complaint was amended as per the Objection's request, "the *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L.*, 392 F.3d at 1228.

Here, Judge Purcell expressly found that the *Younger* factors were met, that no exception to that abstention doctrine applied, and that a determination in Plaintiff's favor on his federal claims "could likely result in substantial disruption of the ongoing state process." Suppl. R. & R. at 5 (citing *Buck v. Myers*, 244 F. App'x 193, 198 (10th Cir. 2007)). Nothing in Plaintiff's Objection, or his multiple other requests to amend his pleading, provides a basis to reject Judge Purcell's conclusion regarding abstention.

The Tenth Circuit has advised, however, that "[w]here the plaintiff in the federal suit seeks damage relief and the *Younger* factors are met, the district court should *stay* federal proceedings on the damage claims, not dismiss the action altogether." *Buck*, 244 F. App'x at 198; *accord D.L.*, 392 F.3d at 1228. The Court therefore "will stay this case and administratively close it until the state court criminal proceeding reaches a final conclusion." *Parks v. Jones*, No. CIV-18-892-D, 2019 WL 202205, at *3 (W.D. Okla. Jan. 15, 2019); *see, e.g.*, *Phillips v. Bondurant*, No. CIV-21-333-G, 2021 WL 5919026, at *2 (W.D. Okla. Dec. 15, 2021).

3

CONCLUSION

Accordingly, the Court ADOPTS the Supplemental Report and Recommendation issued October 27, 2022 (Doc. No. 43) as modified herein. This matter is STAYED pending the final conclusion of Plaintiff's state-court criminal proceeding. An appropriate administrative closing order shall be entered.

Plaintiff's pending motions (Doc. Nos. 7, 9, 12, 13, 34, 35, 36, 37, 39, 45, 46) are DENIED AS MOOT.

IT IS SO ORDERED this 18th day of November, 2022.

_____
CHARLES B. GOODWIN
United States District Judge